UNITED STATES of America,
Appellee,

v.

Santiago OSORIO, Defendant–
Appellant.

No. 07–0882–cr.

United States Court of Appeals,
Second Circuit.

Sept. 17, 2008.

Edward S. Zas, Federal Defenders of New York, Appeals Bureau, New York, NY, for Appellant.

Alexander J. Willscher, Deirdre A. McEvoy, Assistant United States Attorneys, (Michael J. Garcia, United States Attorney for the Southern District of New York), New York, NY, for Appellee.

Present: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Santiago Osorio appeals from a judgment of conviction and sentence entered on March 1, 2007 in the United States District Court for the Southern District of New York (Buchwald, *J.* ), following a guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Osorio claims that the District Court erred both procedurally and substantively in imposing a term of incarceration of 87 months. First, he asserts a procedural error in that the District Court failed to "state in open court the reasons for its imposition of the particular sentence, as required by 18 U.S.C. § 3553(c)." Next, he claims that the imposition of an 87–month prison term was substantively unreasonable because it was "greater than necessary" to accomplish the goals of section 3553(a).

We review a district court's sentencing decision for both substantive and procedural reasonableness. *Gall v. United*

*States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligations to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors.

*United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008) (internal quotation marks, citations, and alterations omitted).

However, Osorio failed to raise his procedural objections at the sentencing proceeding. Therefore, this Court reviews such objections on appeal for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Carter,* 489 F.3d 528, 537 (2d Cir.2007) ("Because objections to the sentence were not raised before the district court, we review for 'plain error.' "). The plain error standard requires (1) an error, (2) that is plain, and (3) that affects the substantial rights of the defendant. *See Carter,* 489 F.3d at 537.

A district court's statement of reasons for sentencing need not be exhaustive, particularized, or uniform. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2467–69, 168 L.Ed.2d 203 (2007). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends on the circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not. . . . The law leaves much, in this respect, to a judge's own professional judgment." *Id.* at 2468. To satisfy the judicial burden under section 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Id.*

This Court has never required any particular or formulaic language by district judges with respect to sentencing explanations. *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) ("[N]o 'robotic incantations' are required to prove the fact of consideration and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."). Furthermore, as expressed by the Supreme Court in *Rita,* "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Rita,* 127 S.Ct at 2468. The breadth of that explanation also depends on the circumstances before the court. *See id.*

The District Court, in imposing Osorio's sentence, adequately explained (1) why it rejected his argument for a downward departure and a non-Guidelines sentence notwithstanding Osorio's alleged "minor role"; and (2) why it was imposing a sentence at the bottom of the applicable Guidelines range. *See id.* The District Court further demonstrated that it considered the supporting evidence set forth in the Presentence Report and the parties' respective submissions. Thus, given the straightforward and conceptually simple arguments before the court, "the judge's statement of reasons here, though brief, was legally sufficient" to satisfy the requirements of section 3553(c). *See Rita,* 127 S.Ct. at 2468. In this respect, the District Court "set forth enough to satisfy [this Court] that [it] ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* We therefore reject Osorio's procedural challenges to his sentence.

Furthermore, the record demonstrates that the District Court fully understood its authority to depart or vary from the Guidelines and carefully considered all the relevant arguments and section 3553(a) sentencing factors in determining the appropriate sentence and in rejecting Osorio's claim that the court should apply a non-Guidelines sentence. The court acknowledged that Osorio participated from "beginning to end" in a drug deal involving 30 kilograms of cocaine with a financial profit of $10,000 for Osorio. The court also explained that because Osorio's role was important and critical to the success of the transaction, it agreed with the recommendation of the Presentence Report that a sentence within the applicable Guidelines range was appropriate.

The District Court then granted Osorio relief under the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which allowed for a sentence at the low end of the applicable Guidelines range (87–108 months); specifically, a sentence of 87 months, as opposed to the mandatory minimum term of imprisonment of 120 months.

In sum, we find no basis to conclude that Osorio's sentence was procedurally or substantively unreasonable. *See Fernandez,* 443 F.3d at 26–27. For the foregoing reasons, we AFFIRM the judgment of the District Court.